# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 3 C 1995 | **DATE** | 3/31/2004 |
| **CASE TITLE** | Steward W. Maxwell vs. Arrow Financial Services, LLC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For all of the foregoing reasons, we grant [6-1] the plaintiff's motion for class certification. This matter is set for status on 4/15/2004 @ 9:00 a.m. at 9:00 a.m. at which we can discuss the proposed definition and/or the parties may submit a modified class definition.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 31 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| | | 2004 MAR 31 PM 3:33 | date mailed notice |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEWART W. MAXWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 03 C 1995 |
| | ) |
| ARROW FINANCIAL SERVICES, | ) Wayne R. Andersen |
| LLC., | ) District Judge |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM, OPINION AND ORDER

Plaintiff Stewart W. Maxwell ("Mr. Maxwell") brings a class action lawsuit against defendant Arrow Financial Services, LLC ("Arrow") for violations of the Maine Fair Debt Collection Practices Act ("Maine FDCPA"), 32 MRSA §11001 *et seq.*, relating to its alleged illegal practices in connection with the collection of certain debts that are more than seven years old. This matter is before the Court on Mr. Maxwell's motion for class certification. For the reasons stated below, the motion for class certification is granted.

### Factual Background

For the purposes of a motion to certify a class, the allegations in the complaint are presumed to be true. *Johns v. DeLeonardis*, 145 F.R.D. 480, 482 (N.D. Ill. 1992). According to Mr. Maxwell's motion for class certification, he is a resident of Maine whose debt on a Citibank credit card was charged off in approximately April 1991 after he failed to make the payments. Defendant Arrow is a limited liability company that acts as a collection agency and purchases consumer debts at a portion of the face value for the opportunity to enforce the debts against the consumers.

On approximately October 21, 2002, Arrow sent Mr. Maxwell a letter informing him that his debt had been sent to a debt collection agency. The alleged outstanding balance on the account was $6,707.24. The letter offered to settle the past due account for 40 percent of the full balance if the repayment was made in one payment by November 13, 2002. Relevant to the claims at issue here, the letter stated: "Upon receipt of the settlement amount and clearance of funds the appropriate credit bureaus will be notified that this account has been settled." Mr. Maxwell alleges, and Arrow admitted in response to requests for admission, that the letter Mr. Maxwell received was a standard form letter and that there are "more than 500 persons with Maine addresses who meet the following criteria: (a) Defendant sent them a letter in the form represented by Exhibit A; (b) on or after February 3, 2002; (c) seeking to collect a debt charged off more than seven years previous to the date of the letter; (d) which was not returned by the Postal Service." (Def.'s Resp. to Pl.'s Req. for Admis. ¶ 12).

Based on the statement cited above, Mr. Maxwell filed an amended complaint claiming that Arrow has violated the Maine FDCPA, 32 MRSA §§ 11013(2)(E) and (J), which prohibits debt collectors from making false or misleading representations, because pursuant to the Fair Credit Reporting Act ("FCRA"), "no consumer reporting agency may make any consumer report containing ... accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. 1681c(a)(4). The Maine FDCPA relevant to the claims at issue prohibits the same false, deceptive, or misleading representations as the corresponding section of the federal Fair Debt Collection Practices Act (the "federal FDCPA"). *See* Notice of Maine Exemption from the Fair Debt Collection Practices Act, 60 Fed. Reg.

66,972 (Dec. 27, 1995). The damages portion of one of plaintiff's claims is supplied by the federal FDCPA, 15 U.S.C. § 1692(k).

Given that the age of the debt was greater than seven years old, Mr. Maxwell claims that Arrow's reference to a consumer's credit report in the letter it sent is misleading because it tells an unsophisticated consumer that, absent a payment, Arrow could have the debt appear on the consumer's credit report as an unpaid delinquent debt. Mr. Maxwell proposes a class consisting of "all natural persons with Maine addresses who meet the following criteria: a. Defendant sent them a letter in the form represented by Exhibit A; b. On or after a date one year prior to the original filing of this action in state court; c. Seeking to collect a debt charged off more than 7 years previous to the date of the letter; d. Which was not returned by the Postal Service." (Pl. Mo. for Cl. Cert., at 1).

**Discussion**

Motions for class certification must meet the requirements set under Rule 23 of the Federal Rules of Civil Procedure. Rule 23 establishes two main requirements for class certification. First, the action must satisfy all four elements of Rule 23(a): numerosity, commonality, typicality and adequacy of representation. *Amchem Prods, Inc. v. Windsor*, 521 U.S. 591, 613 (1997); *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993). Second, the proposed class must satisfy at least one of the three provisions under Rule 23(b). Mr. Maxwell seeks certification under Rule 23(b)(3), which requires a plaintiff to demonstrate that common questions of law or fact predominate over any questions affecting only individual class members and that a class action is a superior method of adjudicating the controversy.

As previously stated, for purposes of a motion to certify a class, the allegations in the complaint are presumed true. *Johns*, 145 F.R.D. at 482. The court does not reach the merits of the complaint or weigh evidence. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974); *Koch v. Stanard*, 962 F.2d 605, 607 (7th Cir. 1992). The burden is on the party seeking class certification to demonstrate that the requirements of Rule 23 are satisfied. *Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 161 (1982); *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir. 1984). Failure on part of the movant to satisfy any one of the requirements of Rule 23(a) or (b) precludes class certification. *Patterson v. Gen. Motors Corp.*, 631 F.2d 476, 480 (7th Cir. 1980). The court has broad discretion in ruling on a motion for class certification. *Retired Chicago Police Ass'n v. Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). We now consider each element of the Rule 23 requirements in turn.

### A.     Requirements of Federal Rules of Civil Procedure 23(a)

####    1.    Numerosity

Rule 23(a)(1) requires that the class must be "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). Because there is no mystical number at which the numerosity requirement is established, courts have found this element satisfied when the putative class consists of as few as 10 to 40 members. *See, e.g., Markham v. White*, 171 F.R.D. 217, 221 (N.D. Ill. 1997) (35-40 class members); *Hendricks-Robinson v. Excel Corp.*, 164 F.R.D. 667, 671 (C.D. Ill. 1996) (38 class members). Although a plaintiff need not allege the exact number or identity of the class members, the plaintiff ordinarily "must show some evidence or reasonable estimate of the number of class members." *Long v. Thorton Township High Sch. Dist.*, 82 F.R.D. 186, 189 (N.D. Ill. 1979). In determining whether the claimed class contains a sufficient number

of members, the court is permitted to "make common sense assumptions in order to find support for numerosity." *Cannon v. Nationwide Acceptance Corp.*, 1997 WL 139472, at *2 (N.D. Ill. March 25, 1997), quoting *Evans v. U.S. Pipe & Foundry*, 696 F.2d 295, 930 (11th Cir. 1983).

This Court previously has found that it is reasonable to assume the number of potential class members satisfies the numerosity requirement when the defendant allegedly used "preprinted, standardized debt collection letters in attempting to collect on the [allegedly delinquent] debt." *Hamid v. Blatt, Hasenmiller, Leibsker, Moore & Pellettieri, et al.*, 2001 WL 1543516, at *3 (N.D. Ill. Nov. 30, 2001), citing *Peters v. AT & T*, 179 F.R.D. 564, 567-68 (N.D. Ill. 1998) ("Based on these facts it is reasonable to infer that many individuals received the form collection letter and that joinder of all the individuals would be impracticable."). Whether the numerosity requirement is met in this case is complicated, however, by certain exceptions to the seven year reporting limitation under specific sections of the FCRA, 15 U.S.C. § 1681c(b)(1)-(3). Pursuant to the FCRA, "no consumer reporting agency may make any consumer report containing ... accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. 1681c(a)(4). However, creditors may report the satisfaction of a debt when it is more than seven years old if: (1) the debtor applied for credit in an amount exceeding $150,000; (2) the debtor applied for life insurance in an amount exceeding $150,000; or (3) the debtor applied for employment for a job with a salary exceeding $75,000. 15 U.S.C. § 1681c(b)(1)-(3).

Arrow argues that class certification is not merited in part because Mr. Maxwell has prematurely moved to certify a class without knowing how many potential members would be subject to these exceptions to the seven year reporting limitation. However, Arrow has admitted

in its responses to Mr. Maxwell's requests for admissions that it sent the letter to at least 500 individuals with Maine addresses seeking to collect a debt charged off more than seven years before the letter was sent. (Def.'s Resp. to Pl.'s Req. for Admis. ¶ 12). This admission creates a strong basis to find that the numerosity requirement has been met. In addition, when identifying the potential class, the class definition can take into account any potential exceptions to the seven year reporting limitation. Thus, this Court finds that the numerosity requirement is satisfied in this case.

### 2. Commonality

Under Rule 23(a)(2), "questions of law or fact common to the class" must be present before a class may be certified. The existence of a common nucleus of operative facts is usually enough to establish commonality. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Courts consistently have found a common nucleus of operative facts if a defendant has allegedly directed standardized conduct toward the putative class members or if the class claims arise out of standardized documents. *Rosario*, 963 F.2d at 1018; *Johnson v. Aronson Furniture Co.*, 1998 WL 641342, at *3 (N.D. Ill. Sept. 11, 1998); *Peterson v. H & R Block Tax Serv. Inc.*, 174 F.R.D. 78, 81 (N.D. Ill. 1997).

A plaintiff normally is only required to show that there is "at least one question of law or fact common to the class." *Arenson v. Whitehall Convalescent & Nursing Home, Inc.*, 164 F.R.D. 659, 663 (N.D. Ill. 1996). When a "question of law refers to a standardized conduct by defendants toward members of the class, a common nucleus of operative facts is typically presented, and the commonality requirement is usually met." *Moore v. Simpson*, 1997 WL 570769, at *3 (N.D. Ill. Sept. 10, 1997) (internal quotations omitted); *see also Rosario*, 963 F.2d

at 1018 ("A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)."). Further, some factual variations among class members' claims alone is normally not enough to defeat a motion for class certification. *Hamid*, 2001 WL 1543516, at *4, citing *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998); *Patterson*, 631 F.2d 476, 481 (7th Cir. 1980).

We conclude that Mr. Maxwell satisfies the requirements of Rule 23(a)(2). Specifically, we find that this case presents the following two questions that all arise from Arrow's standardized conduct in sending the form letter to all of the individuals against whom it attempted to collect: (1) whether Arrow regularly sends the letter at issue in this case to individuals with debts more than seven years old who do not meet any of the exceptions allowing their credit to be reported under 15 U.S.C. § 1681c(b)(1)-(3); and (2) if so, whether Arrow violated the Maine FDCPA by misrepresenting to debtors that it would report settlement and repayment of debts more than seven years old. The first question is a common question of fact and the second is a common question of law shared by the potential class of plaintiffs and defendant Arrow. These common questions both derive from Arrow's standardized conduct in attempting to collect on purported past due debts. Accordingly, we conclude that because the claims arise from Arrow's standardized collection notices, the claims are appropriate for treatment as a class action. *Keele v. Wexler*, 1996 WL 124452, at *4 (N.D. Ill. March 19, 1996), citing *Haroco, Inc. v. Am. Nat'l Bank & Trust*, 121 F.R.D. 664, 669 (N.D. Ill. 1988).

3. Typicality

Under Rule 23(a)(3), the claims or defenses of the party representative must be typical of those of the class as a whole. The claim of a named plaintiff is typical of the class if "it arises

from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Johnson v. Aronson Furniture Co.*, 1998 WL 641342, at * 3, quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (internal quotation omitted). The typicality requirement is closely related to the commonality requirement under Rule 23(a). *Rosario*, 963 F.2d at 1918. Arrow argues that Mr. Maxwell cannot meet the typicality requirements under Rule 23(a)(3) because "whether the act of satisfaction of an outstanding debt by any particular putative class member is reportable by Arrow under the FCRA depends in the individual circumstances of the recipient." (Def. Resp. to Mot. for Cl. Cert., at 12). We disagree with Arrow and find that this is not a problem because the class can be defined to include only those individuals who received the letter and who had a debt that was more than seven years old which was not reportable under the FCRA. Thus, we conclude that Mr. Maxwell's claims are typical of the class because they arise from the same course of conduct and are based on the same general legal theory.

4. Adequacy

Under Rule 23(a), the adequacy of representation requirement mandates that both the class representative and counsel for the named plaintiff must be able to zealously represent and advocate on behalf of the class as a whole. *Retired Chicago Police Ass'n*, 7 F.3d at 598. As the class representative, Mr. Maxwell must not have "antagonistic or conflicting claims with other members of the class," and he must have a "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Sebo v. Rubenstein*, 188 F.R.D. 310, 316 (N.D. Ill. 1999) (citation omitted). We have found no evidence in any of the filings in this case indicating that Mr. Maxwell's claims conflict with or are antagonistic to the claims of the proposed class members.

8

This Court finds that Mr. Maxwell has demonstrated that he has a sufficient stake in the outcome of the litigation to ensure that he will be a zealous advocate as the named representative on behalf of the class.

In addition to the adequacy of representation of the class representative, the class counsel must also meet requirements for adequacy of representation. Counsel for the named plaintiff must be experienced and qualified and generally be able to conduct the litigation. *Id.* at 598; *Gammon v. GC Servs. Ltd. P'ship*, 162 F.R.D. 313, 317 (N.D. Ill. 1995). Counsel for the named plaintiff in this case are experienced in handling class action lawsuits and have competently handled many cases before this Court in the past. This Court finds that the adequacy of representation requirement under Rule 23(a) has been met.

### B. Requirements of Federal Rules of Civil Procedure 23(b)(3)

We now turn to the requirements for class certification under Rule 23(b). In addition to meeting class certification requirements under Rule 23(a), the plaintiff's proposed class must satisfy the requirements of one of the three subsections of Rule 23(b). Fed. R. Civ. P. 23(b). Certification under Rule 23(b)(3) is appropriate if (1) questions of law or fact common to the members of the class predominate over any questions affecting only individual members and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3); *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001); *Kremnitzer v. Cabera & Rephen, P.C.*, 202 F.R.D. 239, 242 (N.D. Ill. 2001).

#### 1. Predominance of class issues over individual issues

Under the predominance requirement of Rule 23(b), common questions of law or fact must predominate, but they need not be exclusive. *Scholes v. Moore*, 150 F.R.D. 133, 138 (N.D.

9

Ill. 1993). In determining whether common questions predominate, the court looks to whether there is a "common nucleus of operative facts." *Ziemack v. Centel Corp.*, 163 F.R.D. 530, 535 (N.D. Ill. 1995). Arrow's alleged misleading statement in a debt collection letter sent to members of the class is at the core of Mr. Maxwell's complaint. The issues of law and fact that flow from Arrow's alleged misleading statement predominates over any individual issue or potential exception and forms the core of this complaint. Because the common issues of fact and law previously identified are likely to dominate this Court's attention, common questions of law and fact predominate. *Tatz v. Nanophase Tech. Corp.*, 2003 WL 21372471, at *9 (N.D. Ill. June 13, 2003).

Arrow also argues that class certification is premature because additional discovery is needed to determine whether class or individual issues predominate. We find that Arrow's arguments are not sufficient to merit a finding that Mr. Maxwell has failed to establish that class issues predominate over individual issues. The only issues currently before the Court is whether Mr. Maxwell has pled in his motion the required elements of Rule 23, and we decline to speculate about additional facts that may be developed during discovery. Therefore, we conclude based on the pleadings that the class issues predominate over any perceived individual issues.

2. Superiority of class action to other available methods for fair and efficient adjudication of the controversy

Under Rule 23(b)(3), a class action must also be superior to other available methods for the fair and efficient adjudication of the controversy. *Szabo*, 249 F.3d at 676. We find that a class action in this case is superior to other means of adjudication for three reasons. First, as discussed previously, this conflict contains a set of legal and factual issues that are shared by the

members of the class, and class certification is more efficient than multiple individual suits at dealing with these common questions. *Tatz*, 2003 WL 21372471, at *9.

Second, a class action is superior to individual action in this case because litigation costs are high, the likely recovery is limited. Thus, recipients of the letter are unlikely to prosecute individual claims without the availability of cost-sharing efficiencies through a class action. *Tatz*, 2003 WL 21372471, at *10, citing *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1164-65 (7th Cir. 1974). A class action is superior under Rule 23(b) when class members would be overwhelmed by the defendant's resources if they attempted to bring individual claims. *Tatz*, 2003 WL 21372471, at *10, citing *Chandler v. S.W. Jeep-Eagle, Inc.*, 162 F.R.D. 302, 310 (N.D. Ill. 1995); *Alexander v. Centrafarm Group, N.V.*, 124 F.R.D. 178, 185 (N.D. Ill. 1988). Here, the defendant is a large collection agency and purchaser of bad debts that is likely to have extensive resources that could far outpace those of the potential class of plaintiffs.

Third, a class action is the superior method to resolve this case because it is a more efficient use of judicial resources than trying individual cases. *Tatz*, 2003 WL 21372471, at *10, citing *Scholes*, 143 F.R.D. at 189 ("Under these circumstances, class certification is the best way to manage this situation which could otherwise disintegrate into piecemeal adjudication of many individual actions involving essentially identical questions of law and fact."). Denial of the motion for class certification would potentially result in courts becoming consumed with many individual cases that seek to litigate an essential core of the same legal and factual issues.

Arrow, however, argues that the class action mechanism is not superior to individual Maine FDCPA causes of action or federal FDCPA causes of action on two theories. First, Arrow argues that certifying a two separate classes in this case of all Maine residents who received the

11

letter and met the other class requirements, and all other United States citizens who received the letter and met the other class requirements is "duplicative and a waste of both the Court's and the parties' resources." (Def. Resp. to Motion for Class Certif. at p.14). Arrow also claims that the pursuit of two parallel classes contradicts the primary purpose of class actions to reduce administrative and litigation costs. However, we have concluded that Maine's decision to establish its own standards under the Maine FDCPA as authorized under the federal FDCPA necessitates the establishment of two separate classes. In addition, we have taken steps to reduce duplicative costs by finding these matters related under Local Rule 40.4 and streamlining discovery, and we will continue to be mindful of these costs issues as the case progresses. Thus, we conclude that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

### C. The Maine FDCPA Creates an Alternate Cause of Action for Maine Residents

Arrow also challenges the motion for class certification on the basis that the Maine version of the FDCPA does not preclude a national class action. (Def.'s Sur-Reply in Opposition to Mot. of Pls. for Cl. Certif. at 1-2). We agree with the defendant that a national class action is not precluded under all sections of the FDCPA when a state receives a statutory "exemption" from the Federal Trade Commission ("FTC"). In *Shapiro v. Haenn*, 176 F. Supp. 2d. (D.Me. 2002), the court found Maine's exemption from the federal FDCPA did not eliminate the plaintiff's federal private right of action under the statute. In *Haenn*, the plaintiff brought his claim under section 813 of the FDCPA, which creates a private right of action in federal courts against debt collectors who violate the provisions of the FDCPA. *Id.* at 44; 15 U.S.C. § 1692k.

The FTC expressly stated when it granted Maine the exemption to create the Maine FDCPA that the state was not exempted from section 813. *See* Notice of Maine Exemption from the Fair Debt Collection Practices Act, 60 Fed. Reg. 66,972, 66,976 (Dec. 27, 1995) ("Section 813 of the FDCPA is not included within the scope of the exemption granted by the Commission in response to Maine's request."); 16 C.F.R. § 901.6(d) ("no exemption shall extend to the civil liability provisions of Section 813 of the Act").

Section 813 of the FDCPA provides the civil liability provisions for both the federal Act and the Maine FDCPA because the FTC declined to grant the state an exemption on that provision. We do not believe, however, that plaintiffs from Maine should be required to join in a single national class action under the federal FDCPA. While Maine was not granted a civil liability exemption from the federal Act, it was granted an exemption on the substantive cause of action under which this claim was filed (MRSA § 11013(2)(E) and (J)). To limit Maine residents to a national class action under the federal FDCPA would undermine the purpose of creating the separate Maine FDCPA with enhanced consumer protections in some areas. *See* Notice of Maine Exemption from the Fair Debt Collection Practices Act. 60 Fed. Reg. at 66,978.

Based on all of the reasons discussed above, this Court finds that the Rule 23 requirements for a class certification have been met in this case in their entirety, and we grant Mr. Maxwell's motion for class certification. We propose the following class definition:

> All natural persons with Maine addresses who received a letter in the form represented by Exhibit A from Arrow Financial Services, LLC with respect to a debt charged off 7 years or more prior to the date of the letter, which letter was sent on or after February 3, 2002, except those cases in which satisfaction of the debt identified in the letter was reported in connection with either (1) a credit transaction involving, or which may reasonably be expected to involve, a principal amount of $150,000 or more, (2) the underwriting of life insurance involving, or

13

which may reasonably be expected to involve, a face amount of $150,000 or more or (3) the employment of any individual at an annual salary which equals, or which may reasonably be expected to equal $75,000 or more.

## Conclusion

For all the foregoing reasons, we grant the plaintiff's motion for class certification. This matter is set for status on April 15, 2004 at 9:00 a.m. at which we can discuss the proposed definition and/or the parties may submit a modified class definition.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: March 31, 2004

14